**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.:_21-cv-01546

BRIAN ATKINS, an individual,

    Plaintiff,

v.

HARTLAND EXCAVATION, INC., a Colorado corporation,

    Defendant.

___

**COMPLAINT AND JURY DEMAND**
___

Plaintiff Brian Atkins ("Plaintiff"), through counsel, complains as follows:

**INTRODUCTION**

1. This proceeding seeks damages to redress violations of Plaintiff's rights under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and Colorado state law.

**PARTIES**

2. Plaintiff Brian Atkins ("Plaintiff") is an individual domiciled in Colorado.

3. Defendant Hartland Excavation, Inc. ("Defendant") is a corporation organized under the laws of the State of Colorado with its principal place of business in Pueblo, Colorado.

**JURISDICTION AND VENUE**

4. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 as this action is brought under the FLSA.

5. This Court has supplemental jurisdiction for the claim asserted under Colorado state

law in that the state law claim is part of the same case and controversy as the FLSA claim, the federal and state claims derive from a common nucleus of operative facts, the state claim will not substantially dominate over the FLSA claim and exercising supplemental jurisdiction would be in the interests of judicial economy, convenience, fairness, and comity.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the unlawful conduct complained of herein arose and occurred in the District of Colorado.

**GENERAL ALLEGATIONS**

7. Defendant is an excavation company.

8. Plaintiff was employed by Defendant, originally with the title of Superintendent and later with the title of Assistant Superintendent. Despite his titles, Plaintiff never supervised any subordinate employees nor did he exercise discretion in the performance of his job.

9. Plaintiff was compensated with an annual salary of $80,000, plus a $500 monthly car allowance, a $500 per month healthcare allowance, and a $750 per month housing allowance.

10. Plaintiff's job duties included working with Defendant's project managers and subcontractors on jobsites and following project plans.

11. Plaintiff did not perform any job duties that would permit him to be classified as an exempt employee under the FLSA or Colorado law.

12. Among other things, Plaintiff did not supervise other employees, did not exercise discretion and independent judgment with respect to matters of significance, and did not perform work related to the overall management of the business. As such, Plaintiff was non-exempt from the overtime requirements of the FLSA.

13. Nonetheless, Defendant illegally classified Plaintiff as exempt from the overtime

requirements of the FLSA and Colorado law.

14. As an FLSA non-exempt employee, Plaintiff was entitled to receive compensation at a rate of not less than one-and-one-half his regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

15. Plaintiff frequently worked in excess of forty (40) hours per workweek and often worked more than fifty (50) hours per workweek.

16. Plaintiff did not receive overtime compensation to which he was entitled.

### FIRST CLAIM FOR RELIEF
**Fair Labor Standards Act**
**(29 U.S.C. §§ 201 *et seq.*)**

17. Plaintiff incorporates by reference all preceding paragraphs of this Complaint.

18. At all times relevant to this Complaint, Defendant was an employer within the meaning of the FLSA.

19. Plaintiff routinely worked in excess of forty (40) hours per workweek during his employment and was thus entitled to overtime compensation at a rate of not less than one-and-one-half his regular rate of pay.

20. Plaintiff did not receive overtime compensation to which he was entitled, specifically because Defendant misclassified Plaintiff as exempt from the FLSA.

21. Defendant's violations of the FLSA were not in good faith because, among other things, Defendant was well aware of its legal obligation to pay overtime compensation because, on information and belief, it employs individuals to whom it pay overtime premiums.

22. Defendant failed to make, keep, and preserve records with respect to Plaintiff sufficient to determine the wages, hours, and other conditions and practices of his employment in

violation of the FLSA.

23. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA pursuant to 29 U.S.C. § 255(a).

24. Due to Defendant's FLSA violations, Plaintiff is entitled to recover from Defendant unpaid overtime compensation, actual and liquidated damages, including Defendant's share of FICA, FUTA, Colorado unemployment insurance, and any other required employment taxes, reasonable attorneys' fees, and costs and disbursements of their action pursuant to 29 U.S.C. § 216(b), in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF
### Colorado Overtime and Minimum Pay Standards Order ("COMPS Order")
### (7 CCR § 1103-1)

25. Plaintiff incorporates by reference all preceding paragraphs of this Complaint.

26. At all times relevant to this Complaint, Defendant employed Plaintiff within the meaning of the COMPS Order, 7 CCR § 1103-1.

27. Defendant violated the COMPS Order by failing to pay Plaintiff at a rate not less than one-and-one-half of his regular rate of pay for each hour he worked in excess of forty (40) per workweek and/or twelve (12) in any workday.

28. Due to Defendant's COMPS Order violations, Plaintiff is entitled to recover from Defendant unpaid overtime compensation, actual damages, including Defendant's share of FICA, FUTA, Colorado unemployment insurance, and any other required employment taxes, reasonable attorneys' fees, and costs and disbursements of this action pursuant to the COMPS Order, in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment in his favor on his claims for relief;

2. Nominal, pecuniary, actual, and compensatory damages;

3. Liquidated and/or punitive damages as a result of Defendant's willful failure to pay overtime compensation;

4. Costs and expenses of this action together with attorneys' and experts' fees;

5. Damages representing Defendant's share of FICA, FUTA, Colorado unemployment insurance, and any and all other required employment taxes;

6. Pre- and post-judgment interest at the maximum rate permitted by applicable law; and

7. Any and all such other and further legal and equitable relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.

Respectfully submitted this ___ day of June, 2021.

                         */s/ Paul F. Lewis*
                         Paul F. Lewis
                         Michael D. Kuhn
                         Andrew E. Swan
                         LEWIS KUHN SWAN PC
                         620 North Tejon Street, Suite 101
                         Colorado Springs, CO 80903
                         Telephone:     (719) 694-3000
                         Facsimile:      (866) 515-8628
                         Email:          plewis@lks.law
                                            mkuhn@lks.law
                                            aswan@lks.law

                         *Attorneys for Plaintiff*